UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

                              Plaintiff,

          - against -

WAJ MEDIA LLC

                              Defendant.

Docket No.   3:18-CV-0951 (LEK/DEP)

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through her undersigned

counsel, as and for her Complaint against Defendant Waj Media LLC., ("Waj Media" or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of Harendra Sirisena,

owned and registered by Seidman, a New York based professional photographer. Accordingly,

Seidman seeks monetary relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Seidman is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 16 St. Marks Place, Apt. 4B, New York, NY 10003.

6.      Upon information and belief, Waj Media is a foreign business corporation duly organized and existing under the laws of the State of New York, with a place of business at 757 Warren Road, #4762, Ithaca, New York 14852. Upon information and belief Waj Media is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Waj Media has owned and operated a website at the URL https://legalinsurrection.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Seidman photographed Harendra Sirisena (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Seidman then licensed the Photograph to the New York Post. On  November 20, 2016 the New York Post ran an article that featured the Photograph entitled *CUNY staffer complains about earning $100K for 'zero work.'*  See URL https://nypost.com/2016/11/20/cuny-staffer-complains-about-earning-100k-for-zero-work/.  Seidman's name was featured in a gutter credit identifying her as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.      Seidman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA  2-024-090 and titled "Seidman Sirisena 11_20_2016.jpg."  See Exhibit C.

**B.      Defendant's Infringing Activities**

11.     On or about November 21, 2016, Waj Media ran an article on the Website titled *CUNY Employee Complains About Making $100K For Doing Nothing.* See URL https://legalinsurrection.com/2016/11/cuny-employee-complains-about-making-100k-for-doing-nothing/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12.     Waj Media did not license the Photograph from Plaintiff for its article, nor did Waj Media have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Waj Media infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Waj Media is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
### (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "Helayne Seidman" and placed it on its Website without the gutter credit.

22.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Waj Media violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Waj Media's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Waj Media intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Waj Media also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26.     As a result of the wrongful conduct of Waj Media as alleged herein, Plaintiff is entitled to recover from Waj Media the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Waj Media because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Waj Media statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Waj Media be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Waj Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.    That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's

profits, gains or advantages of any kind attributable to Defendant's infringement

of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000

per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.    That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.    That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.    That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

7.    That Plaintiff be awarded pre-judgment interest; and

8.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        August 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Helayne Seidman*